PER CURIAM:
Claimant brought this action for damage to his vehicle which occurred when he was traveling on U.S. Route 119 South in Upper Shephard’s Town, Mingo County and his vehicle struck a large piece of metal projecting onto the roadway. Respondent was responsible at all times herein for the maintenance of U.S. Route 119 in Mingo County. This claim was consolidated for hearing by the Court with claim CC-02-070 both claims having arisen out of the same or similar set of facts and circumstances. The Court is of the opinion to deny this claim for the reasons set forth more fully below.
The incident giving rise to this claim occurred on January 26, • 2002 at approximately 12:00 p.m. on U.S. Route 119 in Upper Shephard’s Town. Claimant had just picked up his tax check and he was traveling back to his home in Dingess. He was operating hisl999 Dodge Dakota at a speed of approximately sixty to sixty-five miles per hour. He and his girlfriend had driven on U.S. Route 119 north approximately thirty to forty minutes prior to this incident. They had passed by the exact location where the incident occurred, but claimant had not observed any piece of metal protruding into the roadway at that time. Claimant was talking to his girlfriend who was a front seat passenger. As he approached the curve, he suddenly saw a piece of metal protruding onto the highway. He applied the brakes and maneuvered the vehicle to the left lane in an attempt to avoid the object. However, the right rear tire struck the piece of metal destroying it, as well as the wheel and rim. It also damaged the rear fender. Claimant maneuvered his vehicle onto the berm to observe the damage, when a second vehicle also struck the metal object head-on. Claimant was helping the driver of the second vehicle change his tire when Earl E. Blair, the claimant in Claim No. CC-02-070, drove through the same location in his van and struck the same piece of metal. Claimant herein described the piece of metal as looking similar to apiece of railroad metal possibly like an I-beam or H-beam. He also stated that the piece of metal was approximately three feet high at its highest point and that it extended across the four lane road into the far left lane. Claimant submitted a repair estimate in the amount of $770.97. He had comprehensive insurance coverage atthe time, but the deductible feature on his policy was $1,000.00 which exceeded his damages.
Claimant asserts that respondent knew or should have known of this hazard and failed to take timely remedial action to eliminate it.
Respondent contends that it did not have timely notice of the metal protruding onto the road nor did it have reason to know that a potential hazard existed in regards to this piece of metal.
Cecil W. Collins, Transportation Worker II for respondent in Mingo County, is responsible for highway maintenance and responding to highway emergencies. He is familiar with the portion of U.S. Route 119 at issue and is responsible for its maintenance. Mr. Collins stated that U.S. Route 119 is a four-lane highway, approximately twenty-two feet wide with a six to eight foot berm. Mr. Collins first became aware of the incident at approximately 2:00 p.m. the same day. However, Lisa Ellis, a Courtesy Patrol Driver, was the first State agent on the scene. Mr. Collins testified that Ms. Ellis contacted Berry Mullens and Terry Ooten who are *225 assistant supervisors for respondent. According to Mr. Collins, Mr. Ooten went to the scene and determined what tools and equipment were needed to remove the metal. Mr. Collins and Mr. Ooten met at respondent’s local headquarters to obtain the tools and equipment and proceeded to the scene where they removed the piece of metal from the road. Mr. Collins testified that while at the scene he observed the courtesy patrol truck parked on the side of the road back beyond where the piece of metal was located. Mr. Collins stated that he does not know how the piece of metal came loose. Furthermore, he stated that this was the first time such a problem like this had occurred at or near this location.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W. Va.1947). To hold respondent liable, the claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that claimant failed to establish by a preponderance of the evidence that respondent had notice of this road defect. This was the first such incident at this location. Further, claimant failed to establish by a preponderance of the evidence that respondent had any knowledge whatsoever that this piece of metal presented a risk of breaking lose and protruding onto the highway.
While the Court is sympathetic to the claimant, there is insufficient evidence of negligence on which to justify an award.
Therefore, in view of the foregoing, the Court is of the opinion and does' deny this claim.
Claim disallowed.